UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THERESA KRAYNACK-SIMON, | ) CASE NO. 4:23-CV-00835 |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| v. | ) MAGISTRATE JUDGE ARMSTRONG |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) MEMORANDUM OPINION and ORDER |

## INTRODUCTION

Before the Court is Defendant Commissioner's objection (R. 11) to the Report and Recommendation (R&R) of Magistrate Judge Jennifer Dowdell Armstrong (R.10) which recommends that the Commissioner's decision to deny benefits to Plaintiff Theresa Kraynack-Simon be vacated and the matter remanded for further proceedings. Plaintiff has replied to the objection. R. 12. For the following reasons, the R&R is not accepted, and the decision of the Commissioner is affirmed.

## FACTS

The sole issue here is whether the R&R erred by finding that the ALJ failed to identify substantial evidence to support a finding of residual functional capacity (RFC)[1] with no mental limitations. R. 11, Page ID # 998.

---

[1] A claimant's residual functional capacity is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2, §200.00 (c).

1

Initially, the relevant portion of the factual record cited in the R&R and developed before the Administrative Law Judge (ALJ) shows that the claimant, Theresa Kraynack-Simon, born in 1961, testified that she has been treated for mental health conditions for many years, and that despite taking prescribed medication and receiving regular treatment from both a psychologist and a psychiatrist, she can no longer work, walk for more than ten minutes nor care for herself, but instead naps or spends time online. R. 10 (R&R), Page ID # 977-78.

Dr. Ronald Lewellyn, Ph.D., the claimant's psychologist, testified during the underlying administrative hearing before the ALJ (*id.*, Page ID#: 978) and submitted medical opinion letters in February and September of 2021 (*id.*, Page ID#: 981-82). His opinion was that the claimant has multiple psychological conditions such as PTSD, general anxiety disorder and bipolar II disorder, and that these conditions manifest themselves as poor memory, poor concentration, poor focus, inability to follow through with basic instructions and a persistent depressed mood and affect. *Id*. Dr Lewellyn's treatment records document both mental status findings of some mood and affect abnormalities along with evidence that the claimant did not present a disheveled or unkempt appearance, did not have poor hygiene, did not display confusion, short-term or remote memory loss or other cognitive abnormalities, but was fully oriented. *Id.*, Page ID#: 983.

These findings were consistent with earlier mental status examinations in 2020 that showed normal speech, coherent and logical thought, stable appetite, and normal sleep. *Id*. Similar normal mental status report findings were documented at exams occurring in March, August and November of 2021. *Id*. While there was some worsening of panic attacks and anxiety in early 2022, the claimant's mental status examination findings "returned to normal" a few months later. *Id*.

A psychological consultative examination in 2021, conducted by Dr. Kenneth Gruenfeld, Ph.D., concluded, *inter alia*, that although Plaintiff's appearance and cognition were normal, she might have problems with focus, concentration, completion of complex tasks and interaction with supervisors if she were stressed or her PTSD symptoms were triggered. *Id*., Page ID#: 980-81.

Dr. Carl Tishler, Ph.D. performed the initial state agency review of the record relevant to Plaintiff's mental symptoms, in 2021, and found that all of Plaintiff's mental symptoms were "mild" under the paragraph B criteria of section 12.04 and 12.15 of the ratings, and that the functional opinion of the consultative examiner "overstated" Plaintiff's mental limitations and was not supported by the totality of the evidence. R. 5, Page ID#: 108-09. Similarly, a reconsideration of that state agency determination later that same year by Courtney Zeune, Ph.D., found that the initial finding of the state agency reviewer, stated above, was "supported by evidence, no changes have been made on recon[sideration]." *Id*., Page ID#: 116. Further, the state agency reviewers explicitly found that no mental residual functional capacity elements were required in the RFC. *Id*. Page ID#: 110.

From this, the ALJ determined at Step Two of the sequential evaluation process that Plaintiff had mild mental limitations but did not find that these limitations were a severe impairment. *Id*., Page ID#: 985.

The ALJ considered the opinion evidence in fashioning the RFC and found unpersuasive the opinions from Dr. Lewellyn and Dr. Gruenfeld. *Id.*, Page ID#: 992. To that end, the ALJ reasoned that "[t]he opinions were inconsistent with the medical record as a whole," which included "plaintiff's positive response to her counseling sessions at [*sic*] psychotropic medications, without evidence of psychiatric hospitalizations in the record, and her mostly

unremarkable reported symptoms to providers and Dr. Gruenfeld, without evidence of hallucinations, delusions, obsessions, compulsions, cognitive disorder, current suicidal/homicidal ideations, or other serious issues. Moreover, these opinions were largely based on the claimant's self-report/allegations, which are not fully consistent with the record for the reasons listed above." *Id.*, Page ID#: 992 (enumeration added).

Accordingly, the ALJ then further found that Plaintiff had the RFC to perform work at the light exertional level with some restrictions, although with no mental limitations or restrictions. *Id*. The ALJ finally concluded that Plaintiff was capable of performing her past relevant work as an advertising manager. *Id,* Page ID#: 985.

Plaintiff argued to the Magistrate Judge that the ALJ erred by not considering her mental limitations when formulating the RFC. *Id.*, Page ID#: 987. Specifically, Plaintiff asserted that substantial evidence does not support the ALJ's conclusion as to the severity and impact of Plaintiff's mental impairments because the ALJ improperly evaluated the opinions of Dr. Lewellyn, Plaintiff's treating psychologist, and Dr. Gruenfeld, the consultative psychologist. *Id.*, Page ID#: 991.

The Magistrate Judge agreed with the Plaintiff, stating that her arguments were well-taken. *Id*. In particular, the Magistrate Judge stated that the ALJ's explanation of why these two opinions were unpersuasive did not comply with the regulations because the ALJ reasoning was "largely based" on the fact that the Plaintiff self-reported her symptoms, which the Magistrate Judge determined was "an inappropriate rationale to discount the opinion's [sic] supportability." *Id.*, Page ID#: 992.

In addition, the R&R found that the ALJ's explanation for why these opinions were inconsistent with the medical record as a whole did not sufficiently show how the opinions were

4

inconsistent. *Id.*, Page ID#: 993. While the Magistrate Judge acknowledged that the ALJ provided "some explanation" of the inconsistency in citing the list of factors such as Plaintiff's positive response to medications at the counseling sessions without evidence of hospitalizations and her mostly unremarkable reported symptoms to Dr. Gruenfeld, the R&R concludes by finding that the ALJ erred by offering no clear path showing how these facts are substantial evidence for the conclusion that Plaintiff's mental limitations do not impact her RFC. Id., Page ID#: 993-94. Finally, the R&R rejected the Commissioner's argument that the opinions of the two state agency reviewers should be seen as evidence supporting the decision of the ALJ. *Id.*, Page ID#: 995. The R&R stated in that regard that it is the ALJ, not the state agency, ultimately responsible for determining disability. *Id*.

**ANALYSIS**

Standard of Review – Judicial review of Report and Recommendation

Federal Rule of Civil Procedure 72(b)(3) states:

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

In conducting judicial review of Social Security cases, the reviewing court is limited to ascertaining whether the Commissioner's decision is supported by substantial evidence and/or whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 390, 401 (1971). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation and citation omitted). A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy v.*

5

*Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (emphasis added). Therefore, if substantial evidence supports the ALJ's decision, a court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Put another way, it is well-established that "the Commissioner's position cannot be overturned if substantial evidence, even a preponderance of the evidence, supports the claimant's position so long as substantial evidence supports the conclusion reached by the ALJ." *O'Brien v. Commissioner*, 819 Fed. Appx. 409, 416 (6th Cir. 2020) (internal citation and quotation omitted).

Application of standard

The sole issue here is whether the R&R erred by finding that the ALJ committed reversible error by not identifying substantial evidence to support an RFC with no mental limitations.

Here, as noted above, the two state agency reviewers expressly found that Plaintiff's mental symptoms were "mild," that the functional limitations set forth by both Plaintiff's treating psychologist and subsequently by the consultative psychologist "overstated" Plaintiff's mental limitations, and the opinions were not supported by the totality of the evidence. They also found, as noted above, that no mental functional limitations were needed in the RFC. It is apparent that the ALJ adopted the state agency reviewers's positions both in fashioning the RFC

6

and as support for finding unpersuasive the opinions from Drs. Lewellyn and Gruenfeld. Consequently, the RFC rests on specific stated conclusions from the state agency as to: (1) the absence of mental limitations in the RFC and (2) why that functional conclusion was reached, *i.e*, that the Plaintiff's mental symptoms are mild.

The R&R, however, erred initially by stating that the ALJ's functional conclusions could not be supported by the unchallenged findings of the two state agency psychologists— reasoning that it is the ALJ, not the state agency consultants, who ultimately make the disability determination. While this is true that the ALJ makes the final determination as to an RFC and underlying disability determinations, it is also true that the functional findings of state agency reviewers—when adopted by an ALJ—can constitute substantial evidence in support of an ALJ's determination of an RFC. *Quinn v. Comm, of Soc. Sec.*, 2024 WL 183960, at *8 (N.D. Ohio Jan. 17., 2024) (citation omitted); *Maldonado o/b/o A.C. v. Kijakazi*, 2022 WL 361038, at *6 (N.D. Ohio Jan. 14, 2022) (collecting cases), report and recommendation adopted, 2022 WL 356557 (N.D. Ohio Feb. 7, 2022).

Further, while the R&R properly notes that it is incumbent on the ALJ to provide a logical path connecting symptoms to any functional limitations, that path was clearly provided here by the state agency reviewers who provide the reasoned link—adopted by the ALJ— between Plaintiff's mild psychological symptoms and an RFC with no mental limitations. The "Commissioner's position cannot be overturned…so long as substantial evidence supports the conclusion reached by the ALJ." *O'Brien*, 819 Fed. Appx. at 416. When substantial evidence supports the ALJ's decision, a court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

CONCLUSION

For the reasons stated, the Report and Recommendation is not accepted. Finding no error in the Commissioner's underlying determination, the decision of the Commissioner, therefore, is AFFIRMED.

IT IS SO ORDERED.

Dated: September 24, 2024                              s/ *David A. Ruiz*
                                                                                    David A. Ruiz
                                                                                    United States District Judge